UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
TANIR, INC. et al.,                                                     :
                                                                        :
                                  Plaintiffs,                           :
                                                                        :
                  -v-                                                   :   24-CV-3603 (JMF)
                                                                        :
PELEUS INSURANCE COMPANY,                                               :   ORDER
                                                                        :
                                  Defendant.                            :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Plaintiffs Tanir, Inc. ("Tanir") and 2769A East 15th Street, LLC ("2769A") bring this action against Defendant Peleus Insurance Company ("Peleus"), invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. *See* 28 U.S.C. § 1332. The Complaint alleges that the parties are diverse. *See* ECF No. 1 ("Complaint") ¶¶ 1-4. With respect to the amount-in-controversy requirement of diversity jurisdiction, however, the Complaint alleges only that "[t]his dispute is . . . regarding an amount in controversy exceeding the value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs." *Id.* ¶ 6.

That allegation does not suffice. Plaintiffs seek a "declaratory judgment that Defendant is obligated to provide defense and indemnity coverage on a primary basis to Tanir and 2769A as additional insureds for" a lawsuit pending in state court. *Id.* ¶ 1. They allege that the Peleus policies in question provide coverage "with limits of $2 million per occurrence and $4 million aggregate" and excess coverage "with limits of $1 million per occurrence and $1 million aggregate." *Id.* ¶¶ 23-26. "Where a party seeks declaratory relief, as plaintiffs do here, 'the amount in controversy is measured by the value of the object of the litigation.'" *Lighton Industries, Inc. v. Allied World Nat'l Assurance Co.*, 348 F. Supp. 3d 167, 181 (E.D.N.Y. 2018)

(quoting *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767, 769 (2d Cir. 2006)). Where, as here, the declaratory relief sought pertains to "the applicability of an insurance policy, . . . the jurisdictional amount in controversy is measured by the value of the underlying claim." *Scottsdale Ins. Co. v. Acceptance Indemnity Ins. Co.*, No. 19-CV-7294 (RA), 2019 WL 6498316, at *3 (S.D.N.Y. Dec. 3, 2019) (internal quotation marks omitted). And, importantly, "[i]n an action for declaratory relief involving the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by *the value of the underlying claim* — not the face amount of the policy." *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-150 (ALC), 2021 WL 4427016, at *4 (S.D.N.Y. Sept. 27, 2021) (internal quotation marks omitted); *accord Scottsdale Ins. Co.*, 2019 WL 6498316, at *4.

Here, the Complaint is devoid of allegations (save a bare conclusory allegation) sufficient to "show that there is 'a reasonable probability that the claim is in excess of [$75,000].'" *Union Mut. Fire Ins. Co. v. Morningstar Richmond LLC*, 2023 WL 8003333, at *1 (E.D.N.Y. Nov. 17, 2023) (quoting *United Food & Comm. Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 304-05 (2d Cir. 1994)). Absent allegations regarding the value of the underlying claim, which cannot be found either in the Complaint or in the underlying state court complaint (attached as an Exhibit to the pleadings in this action, *see* ECF No. 1-1), "the Court can only speculate that the cost of defending the underlying action and indemnifying [Plaintiff] from the underlying claim will exceed that amount, which is impermissible." *Id.* at *2.

Accordingly, it is hereby ORDERED that, on or before **May 24, 2024**, Plaintiffs shall amend their Complaint to adequately allege that the amount-in-controversy jurisdictional prerequisite is satisfied. If, by that date, Plaintiffs are unable to amend the Complaint to truthfully and plausibly allege that diversity jurisdiction is proper, then the Complaint will be

dismissed for lack of subject matter jurisdiction without further notice to either party.

SO ORDERED.

Dated: May 14, 2024
      New York, New York

                                         JESSE M. FURMAN
                                   United States District Judge